**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHNATHAN D. WISHNESKI,

      Plaintiff,

vs.                                                                                      No. CIV 11-1057 JB/WPL

LEA COUNTY DETENTION CENTER,
ONE UNKNOWN FEMALE BOOKING OFFICER,
ONE UNKNOWN MALE BOOKING OFFICER,
and LIEUTENANT RIOS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court: (i) under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to United States Code Title 42 § 1983, filed November 30, 2011 (Doc. 1)("Complaint"); and (ii) Plaintiff's Motion Requesting Ruling, filed February 13, 2012 (Doc. 6)("Motion"). Plaintiff Johnathan D. Wishneski's is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will deny the Motion as moot and the Court will dismiss certain of Wishneski's claims.

      The Court has the discretion to dismiss an in forma pauperis complaint sua sponte, under §1915(e)(2), "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Wishneski's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, during Wishneski's temporary detention at the Lea County Detention Center, Defendant Lieutenant FNU Rios issued a disciplinary report for him. See Complaint ¶ 12, at 4. The report accused Wishneski of "interference with staff duties, . . . a major rule infraction." Complaint ¶ 12, at 4. Detention center policy specifies a hearing before punishing an inmate for an alleged major infraction. See Complaint ¶ 34, at 9. Rios ordered Wishneski placed in segregation without a hearing. See Complaint ¶ 35, at 9. The two unknown officers carried out the order. The segregation cell had a mattress, a hole in the floor instead of a toilet, and no sink or running water. See Complaint ¶ 17, at 5. Furthermore, the cell was filthy, with feces smeared throughout. See Complaint ¶ 15, at 4. Over Wishneski's objections, Rios ordered him into the cell. See Complaint ¶ 16, at 4-5. Conditions worsened, and Wishneski moved to another, filthier cell. See Complaint ¶¶ 17-20, at 5. After further objections, officers finally placed him in a cleaner cell. See Complaint ¶ 23, at 6. The Complaint asserts a due-process claim for the denial of a disciplinary hearing, and the Court construes the other allegations as asserting an Eighth Amendment claim. See Complaint ¶¶ 32-40, at 9-10. Wishneski asks for damages and certain equitable relief. See Complaint at 11.

No relief is available on Wishneski's claims against Defendant Lea County Detention Center or the Lea County Board of Commissioners, which Wishneski identifies in text as a Defendant. First, "a detention facility is not a person or legally created entity capable of being sued." Aston v. Cunningham, 216 F.3d 1086, 2000 WL 796086, at *4 n.3 (10th Cir. 2000)(unpublished table

decision). See White v. Utah, 5 F.App'x 852, 853 (10th Cir. 2001)(unpublished). And second, the Complaint contains no allegations against the county board. "[M]unicipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). See Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1189 (10th Cir. 2003). Because the Complaint makes no allegations against these entity Defendants, Wishneski presents no basis for a finding of liability against them. The Court will dismiss Wishneski's claims against these Defendants and will allow him a reasonable time to identify the unknown individual Defendants.

**IT IS ORDERED** that: (i) Plaintiff Johnathan D. Wishneski's claims against Defendants Lea County Detention Center and Lea County Board of Commissioners are dismissed; (ii) the Clerk is directed to issue notice and waiver of service forms, with copies of the Complaint and this Order, for Defendant Lieutenant FNU Rios; and (iii) the Motion Requesting Ruling, filed February 13, 2012 (Doc. 6) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Johnathan D. Wishneski
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*